IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CLEMENTINE DUCKSWORTH                                                PLAINTIFF

V.                                                       CIVIL ACTION # 2:07cv2-KS-MTP

MORGAN BROTHERS MILLWORK, INC.                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Defendant's motion for summary judgment. Because the Plaintiff has failed to produce any evidence to raise a genuine issue of material fact on any of her claims, the Defendant's motion for summary judgment [# **6**] is **granted**.

**FACTUAL BACKGROUND**

Franklin Jones once quipped that the problem with being punctual is that no one is there to appreciate it. This case involves the excessive absences and tardiness that resulted in the termination of a mill worker from her job at the factory.

Clementine Ducksworth ("Plaintiff") accepted a new job at Morgan Brothers Millwork, Inc. ("Defendant") on July 11, 2005. Like all new employees, the Plaintiff was hired as a probationary employee for her first 90 days of work. During the probationary period, employees are closely monitored for attributes relevant to job performance, including punctual attendance. According to the employee handbook, probationary workers are not permitted any "tardies or absents" during this provisional period.

1

While on probation, the Plaintiff was absent 9.75 days from work  The Defendant reportedly warned her that excessive absences would harm her employment prospects at the plant. After 90 days, and despite company policy, the Defendant continued her employment beyond her probationary period.  Shortly after probation the Plaintiff recorded three more absences, failing to give proper notice as required by company regulations.  The Defendant terminated the Plaintiff on October 25, 2005 for her repeated absences and tardiness.

The Plaintiff later filed this suit for discrimination based on her termination by the Defendant.  The Plaintiff alleges that the Defendant discriminated against her on the basis of her race, failed to follow company policy, and paid her lower wages than similarly situated non-African-American employees.  Counsel for the Plaintiff withdrew on February 1, 2007, and the Plaintiff has expressed the desire to continue the cause pro se.

The Defendant filed the current motion for summary judgment on June 18, 2007.  Upon no timely response from the Plaintiff, the Court issued an order to show cause why the Court should not consider the motion without a response from the Plaintiff within 10 days of July 25, 2007.  The Plaintiff responded on August 13, 2007, several days beyond the Court's deadline, with a single handwritten paragraph stating that she "wants to pursue [her] case."  The Plaintiff has submitted no affidavits, supporting evidence, or argument in response to the Defendant's motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept. of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004).

If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003). The nonmovant is not entitled to merely rest on her pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007).  A motion for summary judgment cannot be granted simply because the opposing party has failed to respond. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1995). The movant still carries the burden of establishing the absence of any genuine issue of material fact. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995).

## ANALYSIS

To survive summary judgment on her claim for employment discrimination, the Plaintiff must first establish a prima facie case of discrimination.. *Mayberry v. Vought Aircraft Co.*, 55

F.3d 1086, 1089 (5th Cir. 1995). To show a prima facie case of discrimination under Title VII, a plaintiff must prove that: (1) she is a member of a protected class; (2) she was qualified for the position that she held; (3) she was discharged; and (4) after being discharged, others who were not members of the protected class remained in similar positions. *Meinecke v. H & R Block of Houston*, 66 F.3d 77, 83 (5th Cir. 1995). If the employee establishes his prima facie case, the employer then bears the burden of producing evidence that its employment decision was based on a legitimate nondiscriminatory reason. *Mayberry*, 55 F.3d at 1090.

The Plaintiff in this case has failed to produce any evidence to establish her prima facie case of discrimination. By taking an excessive number of absences during her probationary period, she showed herself unqualified for her position. Moreover, the Plaintiff has submitted no evidence that others who were not members of the protected class remained in similar positions with the same poor attendance record. The Defendant has submitted evidence establishing that both African-American and non-African-American employees were discharged for excessive absences during the Plaintiff's tenure. Without submitting any evidence on this point, the Court cannot find that she has raised a genuine issue of material fact to survive dismissal by summary judgment.

The same analysis applies for the Plaintiff's remaining claims. The Defendant has submitted evidence that shows employees similarly situated to the Plaintiff received equivalent pay. The Plaintiff has submitted no evidence beyond the conclusory allegation that she suffered wage discrimination. Without any supporting evidence, that claim cannot survive summary judgment.

Finally, the Plaintiff cannot maintain her claim that the Defendant violated internal company policies in deciding to terminate her.  The employee handbooks submitted by the Defendant clearly indicate that failure to abide by the attendance and tardiness policies will result in termination.  The only anomaly the Court is aware of in applying the policy actually worked in the Plaintiff's favor, as she was employed beyond the probationary period despite an excessive number of recorded absences.  The Plaintiff has submitted no evidence to support her claim on this point, and it too cannot survive summary judgment in light of the evidence submitted by the Defendant.

## **CONCLUSION**

The Plaintiff has failed to raise a genuine issue of material fact to support any of her claims against the Defendant.  By contrast, the Defendant has produced evidence negating the factual basis for the claims advanced by the Plaintiff.  Considering the record before it, the Court concludes that the Plaintiff has failed to raise any genuine issues of material fact sufficient to survive summary judgment..

It is therefore ORDERED and ADJUDGED that the Defendant's motion for summary judgment [# **6**] is granted.

SO ORDERED and ADJUDGED on this, the 7th day of September, 2007.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE